UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID HAAG, CDCR #BJ-0331,<br><br>                      Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF DEP'T; LVN #6131; LVN #6222; LVN #6977; LVN #7403,<br><br>                      Defendants. | Case No.: 3:19-cv-1460-AJB-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2]; AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Paul Haag ("Plaintiff"), a state inmate currently incarcerated at the California Medical Facility located in Vacaville, California, and proceeding pro se, has filed a civil complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 at 1.

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a certified copy of his trust account statement, as well as a prison certificate, verified by an accounting officer, pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* Doc. No. 2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had only an available balance of $0.00 at the time of filing. Therefore, the Court does not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP, declines to "exact" an initial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary for the CDCR, or their designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

1 (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### B. Plaintiff's Allegations

Plaintiff alleges that he was housed "in county jail[2] for months." (Compl. at 3.) At the time Plaintiff was housed in the "county jail," he claims to have a "broken [and] dislocated hip." (*Id.*) Plaintiff was "hurting 24 [hours] a day" but no pain medication was given to him "except Tylenol." (*Id.*) Plaintiff alleges that he "let it be known [he] was hurting." (*Id.*) However, he claims that unknown jail staff were "procrastinating" in performing surgery on him. (*Id.*) As a result, Plaintiff alleges he "never got proper medical treatment." (*Id.*)

### C. Improper Defendants & Municipal Liability

As an initial matter, the Court finds that to the extent Plaintiff names the San Diego County Sheriff's Department as a Defendant, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which § 1983 relief can be granted.

Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

While the County of San Diego *itself* may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), Plaintiff has not named the County as a Defendant. Moreover, as a municipality, the

---

[2] Plaintiff does not specify which county facility he was housed in sometime in March and April of 2019.

County *may* be held liable under § 1983–but only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

As currently pleaded, Plaintiff's Complaint fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that the County itself violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights).

### D.  Medical care claims

At the time the events in the Complaint occurred, it appears that Plaintiff may have been a pretrial detainee. A pretrial detainee's claim of the denial of the right to adequate medical care is analyzed under an objective deliberate indifference standard. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have

appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (quoting *Castro v. City of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro*, 833 F.3d at 1071). The "mere lack of due care" is insufficient. *Id.* (internal quotation omitted); *see Hopper v. Cty. of Riverside*, No. EDCV1801277JAKDFM, 2018 WL 6092563, at *4 (C.D. Cal. Nov. 20, 2018).

  Here, Plaintiff's allegations fall far short of stating a claim of inadequate medical care and he fails to provide any adequate description of the individuals whom he claims denied him adequate medical care. Plaintiff claims that unidentified jail medical personnel were "procrastinating" by not providing him surgery and while they gave him pain medication, he claimed it did not provide adequate pain relief. (Comp. at 3.) However, a difference of opinion between a pretrial detainee and the doctors or other trained medical personnel at the Jail as to the appropriate course or type of medical attention he requires does not amount to deliberate indifference, *see Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), and any delay in providing an appropriate course of treatment does not by itself show deliberate indifference, unless the delay is alleged have caused harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Here, Plaintiff simply offers no specific factual allegations about the interactions he had with jail medical staff. He simply lists a number of nurses but provides no descriptions of these individuals or factual detail regarding any specific interaction with jail medical personnel.

Because Plaintiff's inadequate medical care claims currently fails to meet any of these pleading requirements, these claims must be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### E. Leave to Amend

A pro se litigant must be given leave to amend his pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Secretary for the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A;

5.     **GRANTS** Plaintiff forty-five (45) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6.     The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED**.

Dated: September 23, 2019

Hon. Anthony J. Battaglia
United States District Judge